## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>AmGUARD INSURANCE COMPANY,<br><br>Defendant. | Case No. |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Travelers Property Casualty Company of America ("Travelers"), by and through its undersigned counsel, Usery & Associates, as and for its Complaint for Declaratory Judgment against Defendant, AmGUARD Insurance Company ("AmGUARD"), avers upon information and belief as follows:

### I.      NATURE OF THE ACTION

1.      This action addresses the coverage obligations owed by AmGUARD to Travelers' insureds Capital One Financial Corp. ("Capital One"), and Jones Lang La Salle Americas, Inc. ("Jones") (collectively "Travelers Insureds") with respect to claims asserted in an action captioned *Bernice Jones v. M Vega, LLC, et al.,* pending in the Superior Court of New Jersey, Essex County, Docket No. ESX-L-007096-22 (the "Underlying Action"). A true and correct copy of the Underlying Action is attached hereto as Exhibit "A."

2.      In this action, Travelers seeks a declaration that AmGUARD is obligated to defend and to indemnify Travelers Insureds in the Underlying Action as additional insureds under the policy of insurance issued by AmGUARD to M Vega, LLC ("Vega"). The AmGUARD policy applies on a primary and non-contributory basis in connection with the Underlying Action and

Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of the Travelers Insureds.

## II.    PARTIES

3.      Travelers is a corporation incorporated in the State of Connecticut, with its principal place of business in Hartford, Connecticut.  Travelers is authorized to conduct business in the State of New Jersey and is engaged in the business of issuing policies of insurance in this State.

4.      Upon information and belief, at all times relevant hereto, AmGUARD is a corporation domiciled in Nebraska, licensed and authorized to underwrite and issue insurance policies and conduct business in the State of New Jersey, with a principal place of business in Wilkes-Barre, Pennsylvania.

## III.    JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

7.      An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant, AmGUARD.

8.      Plaintiff Travelers has no other adequate remedy at law.

## IV.    THE INSURANCE POLICIES

9.      Travelers issued a Commercial Insurance Policy to Capital One with policy number H-660-8F213882 for the policy period February 28, 2020, to February 28, 2021 (the "Travelers Policy").

10.    Subject to certain terms, conditions, limitations and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11.    AmGUARD issued a Businessowner's Policy to its named insured M Vega, LLC ("Vega") with policy number MVBP103645 for the policy period March 10, 2020, to March 10, 2021 (the "AmGUARD Policy").

12.    Subject to certain terms, conditions, limitations and exclusions, the AmGUARD Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13.    The AmGUARD Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – WITH ADDITIONAL INSURED REQUIREMENT IN CONSTRUCTION CONTRACT Endorsement (Form No. BP 04 51 01 06), which provides, in relevant part:

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following is added to **Paragraph C. Who Is An Insured** in **Section II – Liability:**

**3.** Any person(s) or organization(s) for whom you are performing operations is also an additional insured, if you and such person(s) or organization(s) have agreed in writing in a contract or agreement that such person(s) or organization(s) be included as an additional insured on your policy. Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

  **1**. Your acts or omissions; or

  **2**. The acts or omissions of those acting on your behalf;

  in the performance of your ongoing operations for the additional insured.

> A person's or organization's status as an insured under this endorsement ends when your operations for that insured are completed or the contractor's agreement is terminated.

14.     The Travelers Policy is excess over any other insurance "available to the insured when the insured is an additional insured, or is any other insured that does not qualify as a named insured, under such other insurance."

## V.    <u>BACKGROUND FACTS</u>

15.     In the Underlying Action, Bernice Jones ("Jones") alleges that on February 20, 2021, she slipped and fell on the sidewalk due to the alleged negligence of Vega, causing her to sustain bodily injuries.  *See* Exhibit "A."

16.     Prior to the alleged incident in the Underlying Action, the Travelers Insureds and Vega entered into a service agreement for snow removal and related maintenance services at various locations including the location of the accident in the Underlying Action.  A true and correct copy of the Service Contractor Agreement is attached hereto as Exhibit "B."

17.     Pursuant to the Service Contractor Agreement between the Travelers Insureds and Vega, the AmGUARD Policy "shall be primary to Owner and Manager's coverage, and Owner and Manager's coverage shall be noncontributory."  *See* Exhibit "B" at Exhibit C – Insurance.

18.     The Service Contractor Agreement further states the following:

2.  The Commercial General Liability … polic[y] shall include the following as additional insured, including their officers, directors and employees. …

1. Jones Lang LaSalle Americas, Inc.
2. Capital One National Association and its affiliates[.]

Exhibit B at Exhibit C – Insurance.

19.     Given the allegations in the Underlying Action and based upon the terms of the Service Contractor Agreement, the Travelers Insureds are entitled to a defense and indemnity in the Underlying Action and are entitled to primary, non-contributory additional insured coverage

under the AmGUARD Policy.

## V.    TENDERS TO AMGUARD

20.    By correspondence dated July 23, 2021, Travelers tendered the defense and indemnification of Capital One to Vega and AmGUARD with respect to the fall suffered by Jones.

21.    By correspondence dated April 11, 2023, Travelers tendered the defense and indemnification of Capital One and Jones for the Underlying Action to AmGUARD.

22.    Travelers made multiple follow-ups to AmGUARD seeking a response to its tenders.

23.    To date, there has been no response from AmGUARD regarding any of the tender requests submitted by Travelers.

## VI.    CAUSE OF ACTION FOR DECLARATORY RELIEF

24.    Travelers repeats and realleges the allegations contained in paragraphs 1 – 23 above as if set forth here in their entirety.

25.    Capital One qualifies as an additional insured under the AmGUARD Policy.

26.    Jones qualifies as an additional insured under the AmGUARD Policy.

27.    The Travelers Insureds are entitled to a defense under the AmGUARD Policy issued to Vega, as well as to indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

28.    Coverage provided to the Travelers Insureds by the AmGUARD Policy with respect to the Underlying Action is primary and non-contributory to that provided by the Travelers Policy.

29.    AmGUARD has refused to provide coverage to the Travelers Insureds in the Underlying Action.

30.     Accordingly, Travelers seeks a declaration that AmGUARD has an obligation to defend and indemnify the Travelers Insureds as additional insureds under the AmGUARD policy; that the coverages provided by the AmGUARD Policy are primary and non-contributory, and that the obligations of Travelers to the Travelers Insureds in the Underlying Action are excess to proper exhaustion and full payment of the limits of the AmGUARD Policy.

31.     In addition, Travelers seeks an award at law and in equity against AmGUARD for recovery of all sums Travelers has incurred in the defense of the Travelers Insureds in the Underlying Action because the coverages provided by the AmGUARD policy are primary to any coverage provided by Travelers.

**WHEREFORE**, Plaintiff, Travelers Property Casualty Company of America, respectfully requests that this Court issue judgment as follows:

1.     Declaring that the AmGUARD Policy was in full force and effect on the date of the allegations and accident raised in the Underlying Action;

2.     Declaring that all terms and conditions of the AmGUARD Policy have been complied with and met;

3.     Declaring that the allegations raised in the Underlying Action fall within the coverage afforded by the AmGUARD Policy;

4.     Declaring that Defendant AmGUARD owes a defense to the Travelers Insureds in the Underlying Action;

5.     Declaring that Defendant AmGUARD owed indemnity to the Travelers Insureds in the Underlying Action;

6.     Declaring that the coverage obligations to AmGUARD in connection with the Underlying Action are primary;

7.      Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy are excess and non-contributory to those of Defendant AmGUARD with respect to the Underlying Action;

8.      Declaring that the Travelers Insureds are additional insureds under the AmGUARD Policy;

9.      Declaring that AmGUARD owes Travelers for all sums Travelers has paid in the defense and any settlement of the Underlying Action;

10.     Granting an award against AmGUARD in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims in the Underlying Action;

11.     Granting an award in favor of Travelers for the costs of suit incurred herein; and

12.     Granting such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       June 3, 2024

                              **RESPECTFULLY SUBMITTED:**

                              **USERY & ASSOCIATES**


                              By:____/s/ Tung Sing Wong_____
                                     Tung Sing Wong, Esq.
                                     *Attorneys for Plaintiff*
                                     *Travelers Property Casualty Company*
                                     *of America*
                                     Direct: 917.778.6429
                                     Fax: 844.571.3789
                                     Email: twong2@Travelers.com

                                     Please address all correspondence sent by
                                     mail to:
                                     P.O. Box 2996
                                     Hartford, CT 06104-2996

<u>Physical Address</u>:
485 Lexington Avenue, 6th Floor
New York NY 10017