<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> AMGUARD INSURANCE COMPANY, <br><br> *Defendant*. | Civil Action No. 24-6656 <br><br> **OPINION** <br><br> May 27, 2026 |

**SEMPER**, District Judge.

 **THIS MATTER** comes before the Court on Plaintiff Travelers Property Casualty Company of America's ("Plaintiff" or "Travelers") Motion for Summary Judgment (ECF 33, "Plaintiff's Motion" or "Pl. Mot.") and Defendant AmGuard Insurance Company's ("Defendant" or "AmGuard") Cross-Motion for Summary Judgment.  (ECF 34, "Defendant's Cross-Motion" or "Def. Cross-Mot.")   Plaintiff opposed Defendant's Cross-Motion.  (ECF 35, "Pl. Opp.") Defendant filed a reply brief.  (ECF 36, "Def. Reply.")   The Court reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons stated below, Plaintiff's Motion is **DENIED** and Defendant's Cross-Motion for Summary Judgment is **GRANTED**.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

The present lawsuit arises from a dispute over whether Defendant AmGuard is obligated to provide additional insurance coverage for two entities, Capital One Financial Corporation ("Capital One") and Jones Lang LaSalle Americas, Inc. ("JLL"), who are insured by Plaintiff Travelers, for claims asserted in a personal injury lawsuit captioned *Bernice Jones v. M Vega, LLC, et al.*, Case No. ESX-L-007096-22, in the Superior Court of New Jersey ("the Underlying Action"). (Pl. Br. at 1.)

### A. The Service Contract

M Vega LLC's ("Vega") business includes snow removal and ice remediation. (*See* Def. MF ¶ 8.) On October 16, 2018, JLL—the property manager for a Capital One branch office located at 1735 Morris Avenue in Union, New Jersey ("the Premises")—entered into a service contract with Vega for the benefit of Capital One for snow removal and ice remediation at the Premises. (*See id.*; Pl. MF ¶¶ 3, 5.) The service contract obligated Vega "to remove snow from the parking lot and exterior walkways" and "to treat ice . . . through the application of de-icing materials such as salt and calcium chloride" on the Premises. (Def. MF ¶ 8.)

The service contract contains a provision requiring Vega to procure "Commercial General Liability" insurance coverage with liability limits of $1,000,000.00 per occurrence and $2,000,000.00 aggregate. (Pl. MF ¶ 6.) It also states that Vega's coverage "shall be primary" and "shall include" JLL and Capital One as "additional insured[s]." (*Id.*)

---

[1] The facts and procedural history are drawn from Plaintiff's brief in support of its Motion (ECF 33-1, "Pl. Br."), Defendant's brief in support of its Motion (ECF 34-1, "Def. Br."), Plaintiff's brief in opposition (Pl. Opp.), Defendant's brief in reply (Def. Reply), and the parties' submissions of undisputed material facts (ECF 33-3, "Pl. MF"; ECF 34-2, "Def. MF") and responses to the submissions of undisputed material facts (ECF 35-1; ECF 34-2).

### B. The AmGuard Policy

Defendant AmGuard issued a "Businessowner's Policy" to Vega, policy number MVBP103645, which was in effect between March 10, 2020 and March 10, 2021 ("AmGuard Policy"). (*Id.* ¶ 2.) The AmGuard Policy contains a "Blanket Additional Insured Endorsement (BP 04 51 01 06), entitled ADDITIONAL INSURED—OWNERS, LESSEES OR CONTRACTORS—WITH ADDITIONAL INSURED REQUIREMENT IN CONSTRUCTION CONTRACT." (Def. MF ¶ 2.) The endorsement states that:

> Any person(s) or organization(s) for whom you are performing operations is also an additional insured, if you and such person(s) or organization(s) have agreed in writing in a contract or agreement that such person(s) or organization(s) be included as an additional insured on your policy. Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
> > a. Your acts or omissions; or
> > b. The acts or omissions of those acting on your behalf;
> > in the performance of your ongoing operations for the additional insured.

(*Id.*)

### C. The Underlying Action

A claimant ("Jones") filed a lawsuit captioned *Bernice Jones v. M Vega, LLC, et al.*, Case No. ESX-L-007096-22, in the Superior Court of New Jersey. (Def. MF ¶ 1.)

On February 20, 2021, Vega performed an initial de-icing service at the Premises prior to 3:00 am and performed "full de-icing services" before leaving the Premises around 6:00 am. (*Id.* ¶ 13.) Vega did not receive any request for additional services from Capital One or JLL between 6:00 am and 9:00 am. (*Id.* ¶ 14.) At around 9:00 am, Jones arrived at the Premises, used an ATM machine located therein, and then "slipped and fell on an icy surface in front of the Premises' main entrance" on her walk back to her car. (*See* Pl. Br. at 2.) Above the surface where she fell, "there

[wa]s a 'Capital One' signage affixed with LED lighting." (Def. MF ¶ 20.) "Any snow or ice on top of the signage or the lettering would melt when the LED lights warm[ed] up[,] which would in turn cause dripping on the walkway and refreezing in the area where [Jones] fell." (*Id.* ¶ 21.) Jones alleges that she fell due to an accumulation of ice while lawfully upon the Premises and filed suit against Vega, JLL, and Capital One for the injuries she allegedly sustained from the February 20, 2021 incident. (*Id.* ¶ 1; Pl. MF ¶ 10.)

On July 23, 2021, Plaintiff Travelers tendered a request to Defendant AmGuard and Vega for the defense and indemnification of Capital One only. (Pl. MF ¶ 8.) On April 11, 2023, in response to Jones filing the Underlying Action, Plaintiff re-tendered the request to Defendant and Vega for the defense and indemnification of both Capital One and JLL. (*Id.* ¶ 11.)

### D. The Instant Action

Plaintiff filed this action on June 3, 2024. (ECF 1, "Complaint" or "Compl.") In its Complaint, Plaintiff seeks a declaration that Defendant was obligated to defend and indemnify Capital One and JLL in the Underlying Action and the coverages provided by the AmGuard Policy are primary. (*Id.* at 6.) Plaintiff also seeks an award equal to all sums it incurred and continues to incur in defending the claims in the Underlying Action and for the costs of this suit. (*Id.* at 7.) On July 12, 2024, Defendant filed an Answer to the Complaint. (ECF 9.) On August 8, 2024, Defendant filed an Amended Answer. (ECF 11.) On September 26, 2025, Plaintiff moved for summary judgment. (Pl. Mot.) On October 24, 2025, Defendant cross-moved for summary judgment and opposed Plaintiff's Motion. (Def. Cross-Mot.) On November 14, 2025, Plaintiff filed a memorandum in further support of its Motion and in opposition to Defendant's Cross-Motion. (Pl. Opp.) On November 28, 2025, Defendant filed a reply brief to Plaintiff's Opposition. (Def. Reply.)

4

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted if the movant shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit").

5

Thus, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23). Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48.

## III.    ANALYSIS

### A.  New Jersey Law Applies

Plaintiff and Defendant argue their respective positions under New Jersey law. (*See generally* Pl. Br.; Def. Br.) "[W]here parties' briefs assume that a particular forum's law controls, such implied consent ... is sufficient to establish choice of law." *See, e.g.*, *Marino v. Brighton Gardens of Mountainside*, 697 F. Supp. 3d 224, 229 (D.N.J. Sept. 29, 2023) (quoting *TekDoc Servs., LLC v. 3i-Infotech Inc.*, 2013 WL 2182565 at *10 n.12 (D.N.J. May 20, 2013)). Accordingly, the Court will apply New Jersey law.

### B.  The AmGuard Policy Application

At the time of the February 20, 2021 incident, Defendant insured Vega through the AmGuard Policy. (Def. Br. at 2.) Plaintiff argues that its insured, Capital One and JLL, are additional insureds under the AmGuard Policy and that the AmGuard Policy is primary. (Pl. Br. at 4-8.) Accordingly, Plaintiff argues that Defendant has a duty to defend Capital One and JLL in the Underlying Action. (*Id.*) Defendant argues that neither Capital One nor JLL qualifies as an additional insured under the AmGuard Policy and therefore Defendant does not have a duty to

6

defend or indemnify Capital One or JLL in the Underlying Action.  (Def. Br. at 11-13.)  The Court

begins with an interpretation of the AmGuard Policy.

The interpretation of an insurance policy is a question for the Court to decide as a matter

of law.  *Wimberly Allison Tong & Goo, Inc. v. Travelers Prop. Cas. Co. of Am.*, 559 F. Supp. 2d

504, 510 (D.N.J. 2008).  "Insurance policies are construed in accordance with principles that

govern the interpretation of contracts; the parties' agreement 'will be enforced as written when its

terms are clear in order that the expectations of the parties will be fulfilled.'"  *Memorial Props.,*

*LLC v. Zurich Am. Ins. Co.*, 46 A.3d 525, 532 (N.J. 2012) (quoting *Flomerfelt v. Cardiello*, 997

A.2d 991, 996 (N.J. 2010)).  "In assessing the meaning of provisions in an insurance contract,

courts first look to the plain meaning of the language at issue."  *Oxford Realty Grp. Cedar v.*

*Travelers Excess & Sur plus Lines Co.*, 160 A.3d 1263, 1270 (N.J. 2017) (citing *Chubb Custom*

*Ins. Co v. Prudential Ins. Co. of Am.*, 948 A.2d 1285, 1289 (N.J. 2008)).  "If the language is clear,

that is the end of the inquiry."  *Oxford Realty Grp. Cedar*, 160 A.3d at 1270.  "[I]n the absence of

an ambiguity, a court should not engage in a strained construction to support the imposition of

liability or write a better policy for the insured than the one purchased."  *Id.* (internal quotation

marks and citation omitted).  "When an ambiguity exists, courts should interpret the contract in

accordance with the 'reasonable expectations' of the insured."  *Shotmeyer v. N.J. Realty Title Ins.*

*Co.*, 948 A.2d 600, 605 (N.J. 2008) (quoting *Performance Ins. Co. v. Jones*, 887 A.2d 146, 152

(N.J. 2005)); *see Memorial Props., LLC*, 46 A.3d at 532 ("The terms of insurance contracts are

given their plain and ordinary meaning, with ambiguities resolves in favor of the insured.")

(internal quotation marks and citations omitted).  Still, "courts will not manufacture an ambiguity

where none exists" and "[a]n insurance policy is not ambiguous merely because two conflicting

interpretations of it are suggested by the litigants." *Oxford Realty Grp. Cedar*, 160 A.3d at 1270 (internal quotation marks and citations omitted).

To determine whether Capital One and JLL qualify as additional insureds under the AmGuard Policy, this Court looks to the plain meaning of the policy's Blanket Additional Insured Endorsement ("the Endorsement"). Neither party disputes that the Endorsement is entitled "ADDITIONAL INSURED—OWNERS, LESSEES OR CONTRACTORS—WITH ADDITIONAL INSURED REQUIREMENT IN *CONSTRUCTION* CONTRACT." (*See* Pl. Br. at 8; Def. Br. at 12 (emphases added).) Thus, taking the unambiguous plain meaning of this language, if Vega entered into a construction contract that contained an additional insured requirement with Plaintiff's insureds, then Capital One and JLL may qualify as additional insureds under the AmGuard Policy. Vega did not do so here.[2] (*See* Pl. Br. at 8 (noting that no "construction" took place at the Premises on February 20, 2021).) Rather, Vega entered into a service contract with JLL that obligated it to perform snow and ice removal services at the Premises. (ECF 33-7.)

Plaintiff points to the obligation in the service contract for Vega to procure insurance coverage that names Capital One and JLL as additional insureds as evidence of qualifying. (Pl. Br. at 8-9.) Plaintiff further claims that the Endorsement's body text, which does not contain the term "construction," renders Defendant's reliance on the Endorsement's title to argue that the AmGuard Policy's additional insured coverage is limited to construction contracts improper. (*Id.*)

---

[2] According to the parties, Vega is capable of entering into construction contracts. Vega maintains a construction license and operates under the name "M Vega General Construction and Landscaping." (Def. Br. at 12; *see also* Pl. Br. at 8 ("Vega sometimes engages in construction-related activities (not just the snow and ice removal work at issue in this matter) . . . .").) Therefore, as Defendant argues, it is plausible that Vega sought and obtained the AmGuard Policy with a Blanket Additional Insured Endorsement specific to its construction contracts. (Def. Br. at 12.)

Plaintiff's arguments, however, do not yield a different outcome. The service contract's insurance provision is an agreement between Vega and Plaintiff's insureds; it does not obligate Defendant. And the Court agrees with Defendant that the Endorsement's title is an interpretive aid for its body text that the Court cannot ignore in its interpretation of the AmGuard Policy. (*See* Def. Br. at 13.) That the Endorsement could have been drafted differently to capture Vega's service contracts in addition to its construction contracts does not render the Endorsement ambiguous or mandate that it must be construed in Plaintiff's favor. *See Oxford Realty Grp. Cedar*, 160 A.3d at 1270. Accordingly, this Court declines to judicially excise the unambiguous qualifying term "CONSTRUCTION" out of the Blanket Additional Insured Endorsement in the AmGuard Policy.

The Court finds that Capital One and JLL are not additional insureds under the AmGuard Policy relative to the Underlying Action. Because Capital One and JLL are not additional insureds, Defendant is not obligated to defend or indemnify them in the Underlying Action.[3] *See Am. Fire & Cas. Co. v. Am. Fam. Home Ins. Co.*, No. CV 21-7668, 2023 WL 3580836, at *5 (D.N.J. May 22, 2023) ("The duty to defend contractually obligates insurers to defend their insureds against all actions covered by their insurance policies."). Accordingly, the Court finds no proper basis for the declaratory relief or an award of costs that Plaintiff seeks in its Complaint. Therefore, Defendant is entitled to summary judgment with respect to the entirety of the Complaint.

---

[3] The Court need not decide whether a duty to defend would exist if Capital One and JLL were additional insureds and refrains from doing so. For the same reason, and because "there is no indication in the record that any judgment has been entered [in the Underlying Action]," the Court also refrains from engaging in analyses of a duty to indemnify and primary coverage. *Navigators Specialty Ins. Co. v. Citizens Ins. Co. of Am.*, 739 F. Supp. 3d 259, 270 (D.N.J. 2024); *see also Hartford Ins. Co. v. Dana Transp. Inc.*, No. 16-cv-9091 2018 WL 10152321, at *5 (D.N.J. May 21, 2018) ("As a general matter, courts refrain from adjudicating whether an insurer has a duty to indemnify an insured until after the insured is found liable for damages in an underlying action."); *Excelsior Ins. Co. v. Selective Ins. Co. of Am.*, 696 F. Supp. 3d 15, 35-36, (D.N.J. Sept. 29, 2023) (declining to address "excess versus primary" because the "allocation of responsibility among the insurers . . . [is] a contingency that has not happened, and may never happen").

IV.    **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Summary Judgment (ECF 33) is **DENIED**.    Defendant's Cross-Motion for Summary Judgment (ECF 34) is **GRANTED**.    An appropriate order follows.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:    Clerk
cc:    Jose R. Almonte, U.S.M.J.
        Parties